UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Hon. Jacqueline P. Cox |
| | ) | |
| COMPUTER WORLD SOLUTIONS, INC., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Bankruptcy No. 07-21123 |
| | ) | |

**Memorandum Opinion on Motion and Application for Compensation (Dkt. No. 260)**

This matter came to be heard on the Motion and Application of Attorney Daniel Zazove for Compensation. For the reasons noted herein, the Motion is Granted.

**I.      FACTS AND BACKGROUND**

Computer World Solutions, Inc. ("Debtor") had been an importer and distributor of computer monitors, televisions and other electronic products on October 29, 2007 when it executed an assignment for the benefit of creditors to Patrick O'Malley, as assignee ("Assignee"). He later discovered that the Debtor was involved in fraudulent business practices. The Debtor's principals were convicted of various crimes and incarcerated for that fraudulent activity.

An involuntary petition for bankruptcy relief was filed herein by three of the Debtor's creditors on November 9, 2007. The Debtor consented to the entry of an Order for Relief under Chapter 11 of the Bankruptcy Code on November 28, 2007 (retroactive to November 16, 2007). 07-21123, Dkt. No. 17.

On November 16, 2007, this Court granted Fifth Third Bank's Emergency Motion for Entry of an Order Excusing Patrick O'Malley from complying with 11 U.S.C. §§ 543(a), (b) and (c). Section 543 of the Bankruptcy Code requires custodians with knowledge of the commencement of a bankruptcy case to deliver to the trustee any property of the debtor held or transferred by such custodian. By excusing Assignee Patrick O'Malley from delivering the Debtor's assets to its bankruptcy trustee, the Court allowed him to continue to exercise powers and duties granted him by Illinois law. The issue herein is whether the Assignee was required to seek authority under the Bankruptcy Code to dispose of the assets he retained possession of or whether he could proceed under state law, without leave of the Bankruptcy Court, to dispose of assets and to make distributions to the Debtor's creditors, including law firms and lawyers hired to assist him.

On January 15, 2008, this Court entered an order authorizing the Debtor to retain Atttoneys Daniel A. Zazove, Jason D. Horwitz and Regina L. Ori and the Perkins Coie, LLP

("Perkins Coie") law firm as its legal advisors.

During the course of this case Perkins Coie prosecuted adversary proceeding 08-00180 which sought to avoid and recover several transfers alleged to be preferential under 11 U.S.C. § 547. That matter went to trial. On March 18, 2010, the law firm obtained a judgment in the amount of $1,503,204 in favor of the Plaintiff.

The bankruptcy case was converted to Chapter 7 on April 21, 2011. 07-21123, Dkt. No. 211. Attorney Steven R. Radtke ("Radtke") was appointed Chapter 7 Trustee herein.

On February 21, 2012, Attorney Daniel A. Zazove presented a Motion for Allowance and Payment of Administrative Expenses. 07-21123, Dkt. No. 250. Both Chapter 7 Trustee Radtke and Adversary Defendant, Robert Stein ("Stein") objected. *See* 07-21123, Dkt. Nos. 256 and 257. That matter was set for hearing on July 25, 2012. On March 30, 2012, Attorney Daniel A. Zazove filed the pleading at issue herein, the Motion and Application for Compensation for services rendered on behalf of the bankruptcy estate, not the Assignee. 07-21123, Dkt. No. 260.

## II. SUBSTANCE OF OBJECTIONS

The main objection is that subsequent to the entry of the retention order, Attorney Daniel A. Zazove and Perkins Coie received $263,498.61 (as noted in Radtke's objection at Dkt. No. 256, p.4) or $300,000 (as noted in Stein's objection at Dkt. No. 257, p.6) in compensation from the Assignee or Fifth Third Bank without leave of court as required by 11 U.S.C. § 330(a)(1). Professionals seeking compensation for services rendered to a bankruptcy estate must file with the court an application for allowance of compensation and reimbursement of expenses. 11 U.S.C. § 330(a)(1). Zazove and Perkins Coie argue that because the funds received were not property of the bankruptcy estate, the Assignee and the Bank could make payments for legal services rendered in operation of the assignment for the benefit of creditors without obtaining court approval. Radtke and Stein point to the holdings of two cases in arguing that the funds held by the Assignee were property of the bankruptcy estate and that payment of legal fees to an attorney or law firm retained pursuant to the Bankruptcy Code required compliance with 11 U.S.C. § 330(a)(1). Those cases are *In re Automotive Professionals, Inc.*, 370 B.R. 161 (Bankr. N.D. Ill. 2007) *leave to appeal denied*, 379 B.R. 746 (N.D. Ill. 2007) and *Rosenberg v. Friedman, (In re Carole's Foods, Inc.)*, 24 B.R. 213 (B.A.P. 1st Cir. 1982).

In *In re Automotive Professionals, Inc.*, the court discussed whether a prebankruptcy transfer of a debtor's assets was subject to Section 543. 370 B.R. at 182. Bankruptcy Judge Doyle cited legislative history evidencing Congress' intent that "property of the debtor" include property previously assigned for the benefit of creditors. The State of Illinois argued that due to the debtor's transfer of assets to a creditors' trust prebankruptcy, it had no assets to administer in bankruptcy. The court rejected this position, ruling that Section 543 requires custodians to deliver assets to the bankruptcy estate representative and that property assigned to a custodian became property of the bankruptcy estate when the debtor filed for bankruptcy. The issue herein, however, is whether the assets that remain with the assignee continue to be property of

the bankruptcy estate once a bankruptcy court excuses a custodian from the requirement to deliver the assets to the bankruptcy estate representative. Must an assignee seek court approval under section 363 of the Bankruptcy Code to sell the assets it administers pursuant to state law? Must the custodian obtain court approval to pay law firms and lawyers hired to assist the assignee? The *In re Automotive Professionals, Inc.* case does not address these issues.

In *Rosenberg v. Friedman (In re Carole's Foods, Inc.)*, the Bankruptcy Appellate Panel noted that for purposes of the application of section 543 of the Bankruptcy Code, the assignee possesses property of the bankruptcy estate. 24 B.R. at 214. Again, however, the issue herein is whether the assets that remain with the assignee continue to be property of the bankruptcy estate after a bankruptcy court excuses a custodian from the delivery requirement. The *Rosenberg* court does not address this issue.

### III.   ASSIGNMENTS FOR THE BENEFIT OF CREDITORS UNDER ILLINOIS LAW

An assignment for the benefit of creditors is an out-of-court remedy. The assignment is commenced by the conveyance of a debtor's assets to an assignee, a fiduciary, in trust, for payment of the assignor's debts. The assignee is the fiduciary representative of the creditors. "Unlike a bankruptcy trustee, the assignee is not obliged to seek creditor or court approval for the assignee's administration." *ABC v. Chapter 11: The Use of Assignments for the Benefit of Creditors as an Alternative to Chapter 11 Cases, Common Law Assignments for the Benefit of Creditors as Practiced in Illinois*, American Bankruptcy Institute 45, 35th Annual Judge Alexander L. Paskay Seminar on Bankruptcy Law and Practice, March 10-12, 2011, at 2[1].

"A debtor may choose to make an assignment for the benefit of creditors, which is an out-of-court remedy, rather than to petition for bankruptcy, because assignments are less costly and completed more quickly." *First Bank v. Unique Marble & Granite Corp.*, 406 Ill. App. 3d 701, 707 (Ill. App. Ct. 2010). This Court will not require the Assignee herein or his attorney to petition the bankruptcy court for approval of its requests for compensation. Illinois law recognizes assignments for the benefit of creditors as out-of-court procedures and the Bankruptcy Code does not provide for bankruptcy court supervision of assignees or their attorneys after an assignee has been excused from delivering a debtor's property to the bankruptcy estate's representative.

Absent some defect in the creation of the assignment, it passes legal and equitable title to the debtor's property from the debtor to the assignee. *First Bank*, 406 Ill. App. 3d at 707. When the Assignee was excused from delivering the assets he held to the bankruptcy estate's representative, he retained title to the assets.

The legislative history of section 543 indicates its purpose.

---

[1]The Court notes that Mr. Daniel A. Zazove, the attorney involved herein, is one of the authors of this article about assignments for the benefit of creditors under Illinois law.

> This section requires a custodian appointed before the bankruptcy case to deliver to the trustee and to account for property that has come into his possession, custody, or control as a custodian. 'Property of the debtor' in section (a) includes property that was property of the debtor at the time the custodian took the property, but the title to which passed to the custodian. The section requires the court to protect any obligations incurred by the custodian, provide for the payment of reasonable compensation for services rendered and costs and expenses incurred by the custodian, and to surcharge the custodian for any improper or excessive disbursement, unless it has been approved by a court of competent jurisdiction.
>
> Subsection (d) reinforces the general abstention policy in section 306[2] by permitting the Bankruptcy Court to authorize the custodianship to proceed notwithstanding this section.

S.Rep.No. 95-989, 95th Cong. 2nd Sess. at 85, 1978 U.S.Code Cong. Ad.News at pp. 5787, 7871; H.Rep.No. 95-595, 95th Cong. 2nd Sess. at 370, 1978 U.S.Code Cong. Ad.News at pp 5785, 6326. *In re 400 Madison Avenue Limited Partnership*, 213 B.R. 888, 895 (Bankr. S.D.N.Y. 1997).

In the spirit of abstention, this Court declines to transform the assignment for the benefit of creditors remedy from an out-of-court procedure to an in-court procedure by requiring the Assignee to submit to bankruptcy court jurisdiction after he was excused from the Section 543 delivery requirement.

The Trustee and Stein correctly point out that the Assignee obtained court approval of various sales of property it administered. However, the Assignee was not required by law or this Court's order excusing his compliance with Section 543 to obtain court approval before making the proposed transactions.

The objections of Trustee Radtke and Stein are overruled. The objections have no factual basis or legal support, as it has not been shown that the disbursements to Mr. Zazove and Perkins Coie were made from funds of the bankruptcy estate. Mr. Zazove stated at the July 25, 2012 hearing that the disbursements were made by the Assignee from the lender's collateral. Transcript, July 25, 2012, page 15. The objectors have not presented evidence that the Assignee made the disbursements from assets other than those he held title to.

Bankruptcy Code Section 330(a)(1) governs payments to professionals retained by a bankruptcy estate; it has no application to the payment of an assignee's attorney for legal services rendered in the operation of an assignment for the benefit of creditors.

---

[2] As enacted the section referred to became Code § 305 (Footnote 15 in the original).

      The Court will rule on the Perkins Coie/Zazove request for compensation as the Debtor's attorney by separate order.

**DATED: August 24, 2012**         **ENTER:** *Jacqueline P. Cox*

---

**Jacqueline P. Cox**
**U.S. Bankruptcy Judge**