**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| COMPUTER WORLD SOLUTIONS, INC., | ) | CASE NO. 07-21123-JPC |
| | ) | |
| Debtor(s) | ) | Hon. Jacqueline P. Cox |

**COVER SHEET FOR APPLICATION FOR**
**PROFESSIONAL COMPENSATION**

| | |
|---|---|
| Name of Applicant: | STEVEN R. RADTKE, Attorney for Trustee. |
| Authorized to Provide Professional Service to: | Steven R. Radtke, Trustee of the Estate of Computer World Solutions, Inc. |
| Date of Order Authorizing Employment: | April 21, 2011 |
| Period for Which Compensation is Sought: | February 1, 2012 to Close of Case |
| Amount of Fees Sought: | $3,525.00 |
| Amount of Expense Reimbursement Sought: | $83.90 |

This is a(n):   Interim Application ___   Final Application  X

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications: N/A

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| 2/8/12 | 4/21/11-1/31/12 | $31,711.14 | $31,711.14 | $0.00 |

The aggregated amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $31,711.14.

DATED: _____       By: /s/ Steven R. Radtke
                                   Attorney for the Trustee

STEVEN R. RADTKE
79 West Monroe Street, Suite 1305
CHICAGO, IL 60603
(312) 346-1935
CompWrldCvrSh2ndTrAttyFeeApp

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 07-21123 |
| COMPUTER WORLD SOLUTIONS, INC., | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | |

### SECOND AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO THE TRUSTEE'S ATTORNEYS

Steven R. Radtke and Chill Chill & Radtke, P.C. ("Applicants"), pursuant to §330 of Title 11, United States Code, request this Court to enter an order allowing compensation and reimbursement of expenses to them as attorneys for the Trustee, and in support thereof, respectfully state as follows:

### I. BACKGROUND.

1. On October 29, 2007 Computer World Solutions, Inc. executed an assignment for the benefit of creditors and assigned all of its assets to Patrick J. O'Malley, as assignee for the benefit of Computer World Solutions, Inc.'s creditors (the "Assignee").

2. At the time of the assignment, Fifth Third Bank ("Fifth Third") was owed approximately $20 million and it held a first priority security interest in virtually all of Computer World Solutions, Inc.'s tangible and intangible assets.

3. On November 9, 2007 Fifth Third and two other creditors filed an involuntary petition for relief under Chapter 11 of the Bankruptcy Code against Computer World Solutions, Inc.

4. On November 16, 2007 the Court entered an order excusing the Assignee from complying with 11 U.S. C. §§ 543(a), (b) & (c) and on November 28, 2007 Computer World Solutions, Inc. (the "Debtor") consented to the entry of an Order for Relief under Chapter 7 of the Bankruptcy Code, retroactive to November 16, 2007.

5. The Assignee liquidated substantially all of Debtor's assets and turned over the approximate sum of $4.1 million to Fifth Third, leaving Fifth Third with a general unsecured claim in the Debtor's bankruptcy case of approximately $16 million.

6. The Debtor separately pursued a preference action in the bankruptcy court and obtained a judgment against Apple Fund, L.P. and Astor Partners, LLC in the amount of $1,503,204. When Debtor was not able to collect from the judgment debtors, it filed separate

adversary proceedings against thirteen investors of Apple Fund, LP and its account to recover payments under §550 of the Bankruptcy Code.

7. The thirteen adversary proceedings were pending on April 21, 2011, when the Court converted the Debtor's case to a case under Chapter 7 for its failure to present or confirm a plan of reorganization and the Trustee was subsequently appointed. At the time of conversion Fifth Third had not filed a proof of claim and the Court had no awards of compensation.

8. Steven R. Radtke is the duly appointed, qualified and acting Trustee of the Debtor's bankruptcy estate.

9. On May 18, 2011, Steven R. Radtke and the firm of Chill, Chill & Radtke, P.C. ("Applicants") were employed by Order of this Court as the Trustee's attorneys.

10. Applicants have served continuously as counsel to the Trustee since the time of their appointment.

11. On December 16, 2011, without any objection, the Court entered an order approving a settlement which resulted in the thirteen individual adversary defendants paying the aggregate sum of $140,000 to the Trustee and the thirteen adversary proceedings being dismissed.

12. This is Applicants' second and final application for allowance of compensation and reimbursement of expenses. It covers the period from February 1, 2012 through the close of the case. Pursuant to their First Application for Interim Compensation and Reimbursement of Expenses, Applicants were awarded and received compensation in the sum of $31,462.50 and reimbursement of expenses in the sum of $248.64.

13. After the Court awarded the compensation and expenses described above, Debtor's attorneys filed a proof of claim for legal services rendered and expenses incurred in the Chapter 11 case as an administrative claim. Later Debtor's counsel filed an Application for Compensation for Chapter 11 services rendered, which they voluntarily reduced from in excess of $237,000 to $145,162.00. They requested reimbursement of Chapter 11 expenses in the amount of $7,871.19.

14. The Trustee objected to the claimant's assertion that its Chapter 11 administrative claim was entitled to the same priority as Chapter 7 administrative expenses. The Trustee also brought to the Court's attention that the Assignee had paid certain fees to the Claimant. The Trustee raised no objection to the amount of the requested compensation or expenses.

15. On March 21, 2012 the principal of Apple Fund, L.P and Astor Partners, LLC, against whom the $1,503,204 preference judgment was entered, acquired two general unsecured claims: a rebate claim in the amount of $50 and a warranty claim for defective merchandise in the amount of $150. He filed an objection to the Debtor's application for fees and asked the

Court to deny the request in full. The Court held a hearing and later entered an order awarding fees in the amount of $145,162.00 and expenses of $7,871.19 to Debtor's counsel.

16. Applicants have organized and categorized their time in connection with the case. Attached hereto as **Exhibit "A"** is the time schedule of Steven R. Radtke, wherein he shows 9.4 hours of actual time spent in connection with the fee dispute.

17. Based on the nature, extent and value of services performed by Applicants, the compensation requested is fair and reasonable and Applicants request that the Court enter an order allowing the same and authorizing the Trustee to pay said fees in the amount requested.

WHEREFORE, Applicants request that the Court enter an order as follows:

A. Allowing the second and final request for allowance of compensation to Steven R. Radtke and the law firm of Chill, Chill & Radtke, P.C., attorneys for the Trustee, in the sum of $3,525.00 plus costs advanced in the sum of $83.90 for a total allowance of $3,608.90; and

B. Granting Applicants such other and further relief as this Court shall deem proper.

Respectfully submitted,

By: /s/   Steven R. Radtke

Steven R. Radtke (#3124816)
CHILL, CHILL & RADTKE, P.C.
Attorneys for the Trustee
79 W. Monroe Street, Suite 1305
Chicago, IL 60603
(312) 346-1935
CompWrld2ndAttyFeeApp

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 07-21123 |
| COMPUTER WORLD SOLUTIONS, INC., | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | |

**Affidavit Pursuant to Rule 2016**

State of Illinois       )
County of Cook      )

I, STEVEN R. RADTKE, being first duly sworn on oath, deposes and states as follows:

1. I am a principal in Chill, Chill & Radtke, P.C. and am authorized to execute this affidavit on behalf of Chill, Chill & Radtke, P.C.

2. I have read the Second and Final Application for Allowance for Compensation and Expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have made no arrangements for a division of compensation received or to be received herein directly or indirectly nor does any understanding exist between myself or any other person, except that I am a principal at Chill, Chill & Radtke, P.C. a law firm at which I was employed during the pendency of this case. I have previously received payment of compensation of services rendered in connection with this case.

4. Further Affiant sayeth not.

_____
Steven R. Radtke

Subscribed and sworn to
before me this 16th day
of November, 2012

_____
Notary Public
CompWrld2ndAttyFeeApp

SOCORRO CHAVEZ
MY COMMISSION EXPIRES
MARCH 11, 2014
NOTARY PUBLIC
OFFICIAL SEAL
STATE OF ILLINOIS